1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAUL RIVAS,                                 No.  2:13-cv-1060-KJN

12                      Plaintiff,

13          v.                                    ORDER AND

14   COMMISSIONER OF SOCIAL                       FINDINGS AND RECOMMENDATIONS
     SECURITY,
15

16                      Defendant.

17

18          On May 29, 2013, plaintiff Raul Rivas, represented by counsel, filed this social security

19   action and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos.

20   2, 3.)[1]  Upon reviewing plaintiff's application to proceed in forma pauperis, the court determined

21   that plaintiff failed to make an adequate showing of indigency.  As such, on June 11, 2013, the

22   court denied plaintiff's application to proceed in forma pauperis without prejudice, and granted

23   plaintiff an opportunity to either pay the applicable filing fee or file a sufficient amended

24   application to proceed in forma pauperis within 28 days.  (ECF No. 4.)  In that order, the court

25   cautioned plaintiff that his "failure to pay the filing fee or file an amended application by the [28-

26   day] deadline will result in a recommendation that plaintiff's complaint be dismissed pursuant to

27   _____

28   [1] This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

                                                    1

1  Federal Rule of Civil Procedure 41(b)." (Id.)  Although that deadline has now passed, plaintiff

2  has failed to either pay the filing fee or file an amended application to proceed in forma pauperis.

3          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

4  action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure

5  to comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,

6  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte

7  to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest

8  Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

9  to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

10  with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

11  (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

12  an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639,

13  642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

14  habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.

15  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any

16  order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

17  by statute or Rule or within the inherent power of the Court.").

18          A court must weigh five factors in determining whether to dismiss a case for

19  failure to prosecute, failure to comply with a court order, or failure to comply with a district

20  court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

21  
22      (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.
23  

24  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

25  1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

26  conditions precedent before the judge can do anything, but a way for a district judge to think

27  about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

28  (9th Cir. 2006).

1    Here, the first two Ferdik factors strongly support dismissal.  Plaintiff has not

2 responded to the court's only order in this action; nor has he otherwise participated in this case

3 since his original filings.  Thus, it appears that the court is devoting scarce judicial resources to

4 this litigation despite plaintiff's apparent intent to abandon it.

5    The third Ferdik factor, prejudice to a defendant, also favors dismissal.  At the

6 very least, defendant has been named in a civil action and has had progress towards resolution of

7 the case delayed by plaintiff's failure to comply with the court's order.  The fifth Ferdik factor,

8 availability of less drastic alternatives, also favors dismissal, because plaintiff has already been

9 provided with notice and an opportunity to cure the deficiencies identified by either submitting an

10 amended application to proceed in forma pauperis or paying the filing fee, which plaintiff did not

11 do.  Plaintiff also made no efforts to seek a further extension of time from the court.

12    The court also recognizes the importance of giving due weight to the fourth Ferdik

13 factor, which addresses the public policy favoring disposition of cases on the merits.  However,

14 for the reasons set forth above, factors one, two, three, and five support a recommendation of

15 dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

16 proper "where at least four factors support dismissal or where at least three factors 'strongly'

17 support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

18 and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

19 outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

20 963 F.2d at 1263.  If anything, a disposition on the merits has been hindered by plaintiff's own

21 failure to comply with the court's order.

22    For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court shall

23 randomly assign a United States District Judge to this action.

24    Furthermore, IT IS ALSO HEREBY RECOMMENDED that this action be DISMISSED

25 WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

26    These findings and recommendations are submitted to the United States District Judge

27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

28 days after being served with these findings and recommendations, any party may file written

3

1   objections with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3   shall be served on all parties and filed with the court within fourteen (14) days after service of the

4   objections.  The parties are advised that failure to file objections within the specified time may

5   waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

6   Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

7           IT IS SO ORDERED AND RECOMMENDED.

8   Dated:  July 22, 2013

9

10                                                      KENDALL J. NEWMAN
                                                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4